IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DASAY HOLLINQUEST,

    Plaintiff,

v.

RUSS NICHOLS, Physical Plant
Manager; PAUL HOEYE, Asst. Sup.;
JOHN MYRICK; Superintendent;
MARK NOOTH, Eastside Administrator;
C. DIETER, Registered Nurse;
S. WHITBREAD, Nurse Manager;
S. DEACON, Grievance Coordinator
Asst.; ARNELL EYNON, Grievance
Coordinator; LT. C. IRVING;
LT. BOWDAN; MS. L. SCHUTT,
Executive Asst; DAVID PEDRO,
Operation Captain; T. RIDLEY,
Asst Superintendent; ROBERT WHITE,
Nurse Manager; A. HUGHES, Medical
Service Manager; STEVE SHELTON,
Medical Director; MICHAEL GOWER,
Asst Director Operations Division;
BOYLE, R.N.; Y. INGALLS, M.E.D. OMHP;
T. BUSTERT, LPC; JANA RUSSEL, BHS
Administrator; DR. GULICK; J. TAYLOR,
Grievance Coordinator; LT. J. KILE;
CAPTAIN R. GILBERTSON; LT. EASTWOOD;
J. MILLER, Asst Supt; FRANK R.
SERRANO, Hearing Officer; LT. D.
SHEPPARD; A. BROADUS, Intense
Management Unit Administrator;

Case No. 2:17-cv-00797-AC

ORDER TO DISMISS

1 - ORDER TO DISMISS -

CAPTAIN JOST; M. GALEMORE, Correctional
Counselor; C. MOONEY, Correctional
Counselor; S. GRAVES, Correctional
Counselor; C. WAGGONER, BHS; JAMIE
E. BREMAN, Office of Population
Administrator; JUDY GILMORE, Asst Sup
Correctional Rehabilitation Services;
CORRECTIONAL OFFICER PAYNE; I. SILVA,
Correctional Officer; LT. CLEAVER; and
JASON BELL, Asst Sup. of Security,

        Defendants.

MOSMAN, Chief Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the Court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff's Complaint is a 100-page narrative statement of events commencing with the alleged discovery on November 13, 2014, of black mold in Plaintiff's cell at TRCI. Shortly after this, in December 2014, Plaintiff was transferred to the Snake River Correctional Institution ("SRCI"). Plaintiff names some 41 Defendants employed in various capacities at TRCI and SRCI, and while he ostensibly alleges five separate claims for relief, the gravamen of all five is the same: the lack of proper clean up of the mold, Plaintiff's attempts to obtain administrative remedies for the mold, Plaintiff's alleged health consequences from exposure to the mold, and Defendants alleged efforts to block Plaintiff's grievances pertaining to the mold. Plaintiff sets forth in detail his attempts to obtain administrative action, including verbatim recitation of the numerous grievances filed and

the multitude of grievance responses and administrative appeals therefrom. Virtually all of the actions complained of in the Complaint occurred more than two years prior to the filing of the Complaint.

## **STANDARDS**

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

    (B)    the action . . .

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In order to state a claim, a plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se*

3 - ORDER TO DISMISS -

prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

#### A. Federal Rule of Civil Procedure 8(a)

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 civil rights actions. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The short and plain statement "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*

Certainly, a violation of Rule 8 occurs when a pleading says too little. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Rule is also violated, however, when a pleading says too much. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("we have never held - and we know of no authority supporting the proposition - that a pleading may be of unlimited length and opacity); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.

4 - ORDER TO DISMISS -

1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges).

Plaintiffs Complaint does not satisfy Rule 8's "short and plain statement" standard. The Complaint is replete with unnecessarily detailed factual descriptions of Plaintiff's experiences with the prison grievance process, and the facts supporting Plaintiff's "claims" are scattered throughout the 100-page narrative.

### B. Federal Rules of Civil Procedure 18(a) and (20)(a)(2)

Rule 18(a) allows a party asserting a claim for relief to join, either as independent or as alternate claims, as many claims as the party has against the opposing party. However, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). A plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Claims based on events that occurred at separate penal facilities are generally not related and may not be brought in a single action. *Bealer v. Kern Valley State Prison*, Case No. 1:16-cv-00367-DAD-SKO (PC), 2017 WL 1272368, at *2 (E.D. Cal. Jan. 27, 2017). As noted, Plaintiff alleges claims against employees of both TRCI and SRCI. The claims Plaintiff alleges against the SRCI employee Defendants are, at best, only tangentially related to those alleged against the TRCI employee Defendants. Accordingly, to the extent the claims fail to satisfy the requirements of Fed. R. Civ. P. 18 and 20, they are subject to dismissal.

## II. Substantive Deficiencies

As noted, the genesis of Plaintiff's Complaint is an event involving black mold in Plaintiff's TRCI cell in November 2014. Plaintiff alleges claims related to his exposure to the mold, his alleged medical symptoms and lack of treatment therefor, and the alleged retaliation against Plaintiff for complaining about the mold.

Section 1983 contains no specific statute of limitations. As such, federal courts apply the forum state's statute of limitations for personal injury actions. *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). In Oregon, the applicable statute of limitations for a 42 U.S.C. § 1983 action is two years from the date that the cause of action accrues. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *see also* Or. Rev. Stat. § 12.110. The accrual date for a § 1983 cause of action "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the cause of the action." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quotations and citation omitted).

Plaintiff acknowledges that the majority of facts alleged in his Complaint detail events which occurred outside the two-year limitation period. In an apparent attempt to avoid the statute of limitations bar, however, Plaintiff alleges his claims are "continuing" in nature. The continuing violation doctrine is an equitable doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort." *O'Loghlin v. County of Orange*, 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual . . . that . . . 'are related closely enough to

constitute a continuing violation.'" *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1480-81 (9th Cir. 1989) (quotations and citations omitted). The mere continuing impact from a past violation is not actionable under the continuing violation doctrine. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). The doctrine does not apply when a plaintiff's claims are based on discrete acts. *McCollum v. California Dep't of Corrections*, 647 F.3d 870, 877 (9th Cir. 2011).

Plaintiff's Complaint alleges separate claims: exposure to toxic mold, denial of medical care, and retaliation for filing grievances. With respect to the exposure to mold, Plaintiff does not allege any exposure after the initial occurrence in November 2014. Accordingly, any claim related to the initial exposure is time-barred. Moreover, each instance of alleged retaliation for filing grievances is a distinct act; the fact that the grievances related to the exposure or to individual denials of medical care does not bring the claims within the continuing violation doctrine. Accordingly, Plaintiff's claims based on facts that occurred outside the two-year limitation period are subject to dismissal.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 14 day of June, 2016.

Michael W. Mosman
Chief United States District Judge